UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT LEE BAILEY,

    Petitioner,

v.                                                   Case No. 2:09-cv-106
                                                     HON. ROBERT HOLMES BELL

CATHERINE BAUMAN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner filed this petition for writ of habeas corpus challenging his sentence of three to eight years imprisonment for the assault of a prison employee, MCL 750.197c, and third habitual offender, MCL 769.11. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

    Petitioner raises the following claims:

    I. Petitioner asserts the trial court violated his due process rights by refusing to appoint substitute counsel where a conflict developed over fundamental tactics and trial counsel failed to subpoena exculpatory witnesses despite repeated demand.

    II. Petitioner argues defense counsel was constitutionally ineffective in failing to subpoena for trial the exculpatory witnesses that petitioner explicitly demanded.

    III. Petitioner claims the prosecution violated his due process rights by making an improper civic duty argument to the jury; furthermore, defense trial counsel was constitutionally ineffective in failing to object.

> IV.  Petitioner asserts defense counsel was ineffective when counsel failed to secure evidence.
>
> V.  Petitioner argues the trial court abused its discretion where the court refused to compel the production of witnesses and his right to compulsory process.
>
> VI.  Petitioner claims the trial court erred in forcing him to choose between testifying in his own defense and his right to conflict-free counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  Recently, the Supreme Court held that a decision of the state

court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims the trial court violated his due process rights when the court refused to appoint substitute counsel after a conflict arose over trial tactics. Petitioner claims that trial counsel failed to subpoena exculpatory witnesses despite Petitioner's repeated demand. The Michigan Court of Appeals explained: "appointment of substitute counsel requires a showing of good cause and that the substitution will not reasonably disrupt the judicial process. Good cause exists where a defendant and his counsel develop legitimate difference of opinion with regard to a fundamental trial tactic." The Court also stated:

> In a pretrial motion, defendant claimed that his relationship with assigned trial counsel had broken down, and that counsel had not made herself available to defendant and failed to work for his best interests. At a hearing on the motion, defendant complained that counsel failed to interview witnesses. Counsel explained that she had interviewed the witnesses listed in the police report and that defendant had failed to provide necessary information to enable her to locate other inmates that defendant wanted her to interview. The record does not demonstrate a difference of opinion regarding a fundamental trial tactic, but rather a deficiency in communication that could be remedied without substitution of counsel. The trial court's decision to urge communication rather than appoint substitute counsel was a principled decision under the circumstances and, therefore, was not an abuse of discretion. *People v Babcock,* 469 Mich 247, 269; 666 NW2d 231 (2003).

Michigan Court of Appeals' Opinion, docket #16, at 1-2. Petitioner's claim fails because Petitioner has not shown that the Michigan Court of Appeals decision resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Next, Petitioner argues he was denied the effective assistance of counsel when trial counsel failed to subpoena exculpatory witnesses. To prevail on an ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel

-4-

was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

Petitioner claims that two of his fellow inmates witnessed the victim damage his television, which the victim denied. Petitioner asserts that the testimony of these two witnesses would have established that the victim was not being truthful about damaging the television and thus not being truthful about the petitioner punching him. The Michigan Court of Appeals disagreed. The Court wrote that video taken of the petitioner charging down the hallway into his cell was evidence compelling enough to show that he assaulted the victim. The Court also stated that the testimony of these two witnesses would have only further established a motive for the petitioner to

-5-

assault the victim (the motive being he was angry about his television being damaged). The Michigan Court of Appeals ruled that the outcome of the proceedings would not have been different had the testimony of these witnesses been allowed, thus no ineffective assistance of counsel occurred.

Petitioner also argues that his trial counsel acted ineffectively when it failed to secure the broken television as evidence at trial. Because petitioner did not raise the issue at his post-trial evidentiary hearing, the Michigan Court of Appeals reviewed for errors apparent on the record:

> Even if a broken TV could have been secured by counsel and admitted at trial to impeach Golladay's credibility on this point, we are not persuaded that there is a reasonable probability that it would have resulted in a different outcome given the other evidence at trial. Therefore, counsel's failure to secure the TV was not prejudicial and does not entitle defendant to relief.

Michigan Court of Appeals' Opinion, docket #16, at 3. Accordingly, petitioner cannot show that counsel's failure to secure the broken television for evidence amounted to ineffective assistance of counsel. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner asserts that the prosecutor engaged in misconduct when he made an improper civic duty argument to the jury. Petitioner has failed to show how his rights were violated or that any prejudice resulted from these alleged errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v Phillips*, 455 U.S. 209, 219; 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan*

*Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir.), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F2d 281 (6th Circ. 1989).

> During rebuttal argument the prosecutor relayed that:
>
> This case is really about personal responsibility, accountability. Find Mr. Bailey responsible. Hold him accountable for his actions. This is about safety of the prison, safety of the officers who are doing a difficult job. Mr. Bailey didn't like what was happening and he assaulted Officer Golladay is in essence what happened and I ask you to find him guilty.

Michigan Court of Appeals' Opinion, docket #16, at 3.

The Michigan Court of Appeals stated that because there was no objection to these remarks at trial, the Court would review the issue for plain error. The Court wrote: "a 'civic duty' argument urges the jury to convict for the good of the community, appeals to the jurors' fears and prejudices, and thereby injects issues broader than the guilt or innocence of the accused. *See People v. Bahoda,* 448 Mich. 261, 282-283; 531 NW2d 659 (1995)." *Id*. The court explained:

> To the extent that the prosecutor's argument could be considered improper, any prejudice was cured by the trial court's instructions directing the jury to return a verdict based only on the evidence and to not let sympathy or prejudice influence its decision. *People v Thomas,* 260 Mich App 450, 456; 678 NW2d 631 (2004). Therefore, the remark did not affect the outcome of the proceeding.
>
> In regard to the ineffective assistance of counsel claim, the Court found:
>
> Similarly, because any prejudice was cured, there is no reasonable probability that the result of the proceeding would have been different had defense counsel objected. Therefore, defendant's claim that

> defense counsel was ineffective for failing to object to the prosecutor's remarks fails as well.

Michigan Court of Appeals' Opinion, docket #16, at 3. In the opinion of the undersigned, the Michigan Court of Appeals' decision was reasonable.

Petitioner argues that the trial court abused its discretion where the court refused to compel the production of witnesses and his right to compulsory process. The Michigan Court of Appeals succinctly rejected this argument:

> Defendant confuses the issue of the denial of compulsory process by a trial court with the issue of trial counsel's failure to call witnesses and to pursue available defenses. Defendant does not cite any instance of the court denying a request for compulsory process. To the extent that defendant argues that trial counsel was ineffective for failing to request process or call witnesses, we have rejected that argument.

Michigan Court of Appeals' Opinion, docket #16, at 3.

Petitioner asserts he was forced to choose between testifying and his right to conflict-free counsel. The Michigan Court of appeals concluded:

> Defendant, in propria persona, also contends that he repeatedly informed the trial court that he did not want to proceed because he was not being adequately represented and that the trial court "failed to consider the impact" on forcing him to proceed. He contends that he was "entitled both to testify in his own defense and to be represented by conflict-free counsel" and that the trial court erred by forcing defendant to choose between his right to testify in his own defense, see *Rock v Arkansas,* 483 US 44; 107 S Ct 2704; 97 L Ed 2d 37 (1987), and his right to conflict-free counsel as guaranteed by the Sixth Amendment and *Holloway v Arkansas,* 435 US 475; 98 S Ct 1173; 55 L Ed 2d 426 (1978).

Michigan Court of Appeals' Opinion, docket #16, at 4.

According to *Rock v. Arkansas,* 483 U.S. 44, 51-52 (1987), defendants in criminal cases have a right to testify. *United States v. Joelson,* 7 F.3d 174, 177 (6th Circ. 1993), states that

the relinquishment of the right to testify must be knowing and intentional. The final decision to testify in a criminal case rests with the defendant. *United States v. Hover,* 293 F.3d 930, 934 (6th Circ. 2002). The Michigan Court of Appeals found that the record suggested that petitioner, upon the recommendation of his attorney, declined to do so.

> Defendant relies on *United States ex rel Wilson v Johnson,* 555 F2d 115 (CA 3, 1977), in which the defendant declined to testify after the trial court told him that if he wanted to testify, the court would permit defense counsel to withdraw and the defendant would have to represent himself. This case is clearly distinguishable. Although defendant complained about appointed counsel at trial, his assertion that the trial court "forced him to choose" with respect to his right to testify is not supported by the record. Rather, the record indicates that defense counsel and defendant disagreed concerning whether he should testify and that defendant ultimately declined to do so. Assuming arguendo that the disagreement with counsel influenced defendant's decision, "there is no constitutional right to have an attorney who agrees with a defendant's desire to testify." *United States v Taylor,* 128 F3d 1105, 1109; (CA 7, 1997). Inasmuch as there is no factual support for defendant's contention that he was forced to make a choice with respect to his right to testify and his right to counsel, we reject this claim of error.

Michigan Court of Appeals' Opinion, docket #16, at 4.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 14, 2011